FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
_____ DIVISION

2011 AUG -8  PM 3: 24

FOR ...

SCOTT M. RUSHINSKY
(Plaintiff)

vs.

ABB INC
(Defendant).

4:11CV0044

## EMPLOYMENT DISCRIMINATION COMPLAINT

Plaintiff brings a complaint against defendant __ABB INC__ for discrimination as set forth below.

Plaintiff \_\_\_\_\_ DOES \_\_\_\_\_ DOES NOT (indicate which) demand a jury trial.

### I. PARTIES

Plaintiff's Name: SCOTT M. RUSHINSKY

Plaintiff's Address: 1011 N. ST. RD. 17
LOGANSPORT, INDIANA 46947

Plaintiff's Telephone: 574-722-2276
Defendant's Name: ABB INC
Defendant's Address: 579 EXECUTIVE CAMPUS Drive
WESTERVILLE, OHIO 43082

### II. BASIS OF CLAIM AND JURISDICTION

1.  This complaint is brought pursuant to:

    \_\_\_\_\_ Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e-5), and jurisdiction is based on 28 U.S.C. §§1331 and 1343(a);

1

\_\_\_\_\_ The Age Discrimination in Employment Act (29 U.S.C. §621), and jurisdiction is based on 28 U.S.C. §§1331 and 1343(a);

__X__ The Americans with Disabilities Act (42 U.S.C. §12101), and jurisdiction is based on 28 U.S.C. §§1331 and 1343(a);

\_\_\_\_\_ The Rehabilitation Act (29 U.S.C. §701, *et seq.*), and jurisdiction is based on 28 U.S.C. §§1331 and 1343(a);

\_\_\_\_\_ Equal rights under law (42 U.S.C. §1981), and jurisdiction is based on on 28 U.S.C. §§1331 and 1343(a);

\_\_\_\_\_ Other (list): _____

2. Plaintiff __X__ DID \_\_\_\_\_ DID NOT (indicate which) file a charge of discrimination with the Equal Employment Opportunity Commission or the Indiana Civil Rights Commission. **[If the plaintiff did file a charge of discrimination, Plaintiff should attach a copy of the charge to the complaint].**

3. Plaintiff's Right to Sue Notice from the Equal Employment Opportunity Commission or the Indiana Civil Rights Commission was **RECEIVED** on or about 5/11/2011 (insert date the plaintiff **received** the notice -- in most instances this will not be the same date stamped on the notice). **[Plaintiff should attach a copy of the Notice of Right to Sue to this complaint.]**

### III. STATEMENT OF LEGAL CLAIM

Plaintiff is entitled to relief in this action because (if more space is needed, attach additional pages):
ACCORDING to the AMERICAN DISAbilities ACT

### IV. FACTS IN SUPPORT OF COMPLAINT

The facts on which this complaint is based are the following (if you need additional space, please attach additional pages)
TO BE AMENDED by my ATTORNEY

(Facts, continued)

_____
_____
_____
_____
_____
_____
_____

## V. PRAYER FOR RELIEF

Based on the foregoing, plaintiff seeks the following relief:

BASED ON THE CURRENT FACTS OF DISCRIMINATION ACCORDING TO MY DISABILITY. MY ATTORNEY WILL AMEND THIS DOCUMENT WITH FACTS. MEDICAL, ETC.

## VI. AFFIRMATION OF PLAINTIFF

I, _Faith M. Kushinsky_, the plaintiff in the aforementioned cause, do affirm that I have read all of the statements contained in the complaint and those which are attached in the accompanying financial statement. I believe them to be, to the best of my personal knowledge, true and correct.

Further, I do understand that this complaint and this affidavit will become an official part of the United States District Court files and that ANY FALSE STATEMENTS knowingly made by me are illegal and may subject me to criminal penalties.

_Faith M. Kushinsky_
(Signature of Plaintiff)
08/08/2011
(Date)

3

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Scott M. Rushinsky<br>1011 N State Hgwy 17 North<br>Logansport, IN 46947 | From: | Cleveland Field Office<br>EEOC, AJC Fed Bldg<br>1240 E 9th St, Ste 3001<br>Cleveland, OH 44199 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2011-28362 | Mary R. Holifield, Investigator | (216) 522-7681 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____  MAY 1 1 2011

Enclosures(s)         Daniel Cabot,              *(Date Mailed)*
                      Director

cc: **Richard D. Porter, Counsel**
**ABB INC.**
**29801 Euclid Ave., 4th Floor**
**Wickliffe, OH 44092**



**STATE OF INDIANA**

**MITCHELL E. DANIELS, JR., Governor**

**Linda Peterson Hamilton, Chairman**

**WORKER'S COMPENSATION BOARD**
402 West Washington Street, Room W196
Indianapolis, Indiana 46204-2753
Telephone: (317) 232-3808
http://www.in.gov/workcomp

January 19, 2010

MS SHARON PARIS (via e-mail)
GALLAGHER BASSETT SERVICES INC
8335 ALLISON POINTE TRAIL
SUITE 150
INDIANAPOLIS IN 46250

      RE:   Scott Rushinsky's Board-appointed IME
             The Insured: ABB Holdings, Inc.
             Date of Injury: 8-16-10
             Application Number" C-207291

Dear Sharon:

This serves as follow-up to the independent medical examination conducted by Dr. Timothy Dicke on Mr. Rushinsky. The IME was appointed with your authorization in an attempt to resolve Mr. Rushinsky's disagreement regarding the maximum medical improvement status of his work injury. Please find enclosed a copy of his examination report.

Dr.Dicke believes that Mr. Rushinsky's current symptoms are related to both his previous injury of October 2006, as well as his recent work injury. While he has some chronic residual symptoms from his work injury of October 2006, Mr. Rushinsky has felt a marked increase of symptoms with aggravation of the underlying condition in August 2010. His limitations include lifting and grasping of the left hand to only a pound or two, no operating any tools with the left hand, and he should be using a wrist brace for support. He would have difficulty with fine manipulation of a simple grasp. Typing is not prohibited.

Dr. Dicke feels that Mr. Rushinsky would benefit from a scapholunate ligament reconstruction to improve his functions and get back to normal work activities. Interventions such as therapy, cortisone injections and splinting have failed to provide him adequate relief and improvement.

As Mr. Rushinsky has not yet achieved maximum medical improvement, it is, therefore, directed that he should be considered for the procedure recommended by Dr. Dicke. If no job is going to be available to suit his partial disability while on treatment, his temporary total disability benefits should be reinstated and paid until he reaches maximum medical improvement. This directive should be complied with within fifteen (15) days.

If you decide to appeal the IME findings, please notify me in writing within fifteen (15) days from the date of this letter. Any further dispute concerning this matter should be resolved through the hearing process.

If you have any further questions regarding this matter, please contact me directly at (317) 233-5397

Sincerely,

INDIANA WORKER'S COMPENSATION BOARD

Claudette Liongson
Case Coordinator
Ombudsman Division

Enclosure

Cc: SCOTT RUSHINSKY, (via e-mail)
1011 STATE ROAD 17 N
LOGANSPORT IN 46947